UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KYLE LEIGH MCBARRON HALL,<br>7078 Westmoreland Dr.<br>Warrenton, VA 20187<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN MECHANICAL SERVICES<br>OF MARYLAND, L.L.C.,<br>Serve:<br>CSC-Lawyers Incorporating Services<br>Company, Registered Agent<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>AND<br><br>DAVE SCHELLHARDT,<br>24014 Burnt Hill Road<br>Clarksburg, MD 20871-9225<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.:  1:16-CV-01404<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Kyle Leigh McBarron Hall, ("Ms. Hall" or "Plaintiff"), by counsel, hereby complains and alleges as follows:

**NATURE OF THE CASE**

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by Ms. Hall against Defendants American Mechanical Services of Maryland, L.L.C. ("AMS") and Dave Schellhardt ("Schellhardt") in his individual capacity (collectively referred to as "Defendants") for minimum wage and overtime violations of the FLSA. Plaintiff seeks her unpaid minimum and overtime wages, an

equal amount as liquidated damages, plus pre- and post- judgment interest, as well as her reasonable attorney's fees, costs and expenses.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district and division by virtue of 28 U.S.C. § 1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district and in this division; i.e. AMS conducted business from an office located at 14516-F Lee Road, Chantilly, Virginia, 20151, which is in this district and in this division and is the place where the Plaintiff was employed.

## THE PARTIES

4. Ms. Hall is over the age of 18 and is a resident of Warrenton, Virginia. From on or about August 1, 2012 through September 16, 2016, Ms. Hall was employed as a dispatcher and clerical worker in an office operated by AMS in Chantilly, Virginia.

5. AMS is a Maryland Corporation with headquarters at 13300 Mid Atlantic Blvd., Laurel, Maryland, 20708. AMS, at all times relevant to this Complaint, conducted business activities in Maryland and Virginia, but lacked the proper authorization from the Virginia State Corporation Commission to conduct business in the Commonwealth of Virginia.

6. At all times relevant to this Complaint, Dave Schellhardt was the General Manager of American Mechanical Services of Maryland, L.L.C. d/b/a under an unregistered fictitious name, AMS of Virginia

7. On information and belief, Defendant Dave Schellhardt is and was an officer and an owner of AMS.

8. At all times relevant to this Complaint, Schellhardt exercised significant control over the day to day operations at AMS including the power to select and hire any employee including the Plaintiff, the power to fire any employee including the Plaintiff, the power to set wages and compensation for any employee and the power to control any employee including the Plaintiff. At all times relevant to this Complaint, Schellhardt was a statutory employer of the Plaintiff under the FLSA.

## FACTUAL ALLEGATIONS

9. On information and belief and at all times relevant hereto the Defendants had annual gross sales in excess of of $500,000.00.

10. At all times relevant hereto the Defendants were engaged in interstate commerce as defined by the FLSA.

11. At all times relevant to this Complaint and under the FLSA Ms. Hall was an employee of the Defendants and was not an exempt employee.

12. Defendants and/or their agents required and/or suffered or permitted Ms. Hall to work hours for which she was not compensated and/or for which she was not compensated at the minimum wage and/or overtime rates as required by the FLSA.

13. Ms. Hall regularly worked uncompensated overtime hours, with the actual and/or constructive knowledge of the Defendants.

14. Defendants failed to compensate Ms. Hall at a rate of time and a half her regular rate of pay for all hours over forty worked in a work week.

15. Defendant and/or their agents incorrectly recorded Ms. Hall's hours of work in order to avoid the overtime and record keeping requirements of the FLSA.

16. Defendants failed to maintain regular pay periods and/or to pay Ms. Hall in a timely fashion for all hours worked in a pay period.

17. Defendants failed to inform Ms. Hall of her rights under the FLSA and/or misled Ms. Hall concerning her rights under the FLSA to minimum wages and overtime wages.

## COUNT ONE
## VIOLATION OF FLSA MINIMUM WAGE AND OVERTIME REQUIREMENTS
### (Against all Defendants)

18. The allegations of the preceding paragraphs are herein realleged and reincorporated by reference.

19. Defendants did not compensate Ms. Hall for all hours that Defendants required and/or "suffered or permitted" Ms. Hall to work with the actual or constructive knowledge of Defendants.

20. Defendants regularly and willfully required Ms. Hall to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

21. Defendants did not pay Ms. Hall one and one-half times her regular rate of pay for all hours worked in excess of 40 in each workweek (i.e., overtime hours worked).

22. Defendants regularly and willfully violated the FLSA by not compensating Ms. Hall for all hours she was required and/or "suffered or permitted" to work and/or by not paying all overtime compensation due to Ms. Hall and/or making deductions from her pay that reduced the minimum and/or overtime wages required to be paid to Ms. Hall.

23. In some or all workweeks, Defendants failed to pay Plaintiff for all of the regular hours she worked.

4

24. By reason of the foregoing, Plaintiff has been damaged and is entitled to her uncompensated wages, her overtime wages, liquidated damages, statutory damages, together with attorneys fees, costs expenses, prejudgment interest and post judgment interest

WHEREFORE Plaintiff demands judgment against Defendants American Mechanical Services of Maryland, L.L.C. and Dave Schellhardt, jointly and severally, for uncompensated wages, her overtime wages, liquidated damages, statutory damages, together with attorneys fees, costs expenses, prejudgment interest and post judgment interest, and such other relief as this Court considers proper.

**A JURY TRIAL IS RESPECTFULLY DEMANDED**

KYLE LEIGH MCBARRON HALL
By Counsel

/s/ Erik B. Lawson
Erik B. Lawson, Esquire
Va. State Bar No.: 79656
Glenn H. Silver, Esquire
Va. State Bar No.: 15772
SILVER & BROWN
10621 Jones Street
Suite 101
Fairfax, Virginia 22030
(703) 591-6666
(703) 591-5618 – Facsimile
*Counsel for Plaintiffs*
erik@virginia-lawyers.net
ctbghs@aol.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I hereby consent to be a party plaintiff in this collective action brought pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) to recover my unpaid regular and overtime wages, liquidated damages, attorney's fees and costs from my current/former employers. I understand that I will be bound by the results of this litigation to recover my unpaid wages, overtime, liquidated damages, attorney's fees and costs. I hereby request that my attorney's be paid their reasonable attorney's fees and costs incurred.

Kyle Leigh McBahron Hall
Full Name (print)

7078 Westmoreland Drive
Street Address

Warrenton    VA    20187
City         State  Zip

Kyle LM Hall
Signature

November 3, 2016
Date

Return this form to:

Erik B. Lawson
Virginia Bar No.: 79656
SILVER & BROWN
10621 Jones Street, Ste. 101
Fairfax, Virginia 22030
Phone: 703-591-6666
Fax: 703-591-5618
Email: erik@virginia-lawyers.net