```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


KYLE LEIGH MCBARRON HALL,       )
                                )
     Plaintiff,                 )
                                )
          v.                    )     1:16cv1404 (JCC/TCB)
                                )
AMERICAN MECHANICAL SERVICES    )
OF MARYLAND, LCC, et. al.,      )
                                )
     Defendants.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant American Mechanical Services of Maryland, LLC ("AMS") and Defendant Dave Schellhardt ("Schellhardt") (collectively, the "Defendants") omnibus motion to dismiss, for summary judgment, or, in the alternative, for a more definite statement. [Dkt. 3.] For the reasons that follow, the Court will deny all three motions.

## I. Background

Kyle Leigh McBarron Hall ("Plaintiff" or "Hall") brings this lawsuit against her former employer, AMS, and its representative, Mr. Schellhardt, for claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219a. The following facts are taken from Plaintiff's Complaint and, for the purposes of this motion, are presumed true.

1

From approximately August 2012 until September 2016, Hall was employed as a dispatcher and clerical worker in an office operated by AMS in Chantilly, Virginia. Compl. ¶ 4. Hall alleges that she was required to work overtime hours for which she was not compensated. *Id.* ¶ 12. In addition, Hall claims that Defendants incorrectly recorded her hours of work, failed to pay her for all of the hours that she worked, and did not maintain regular pay periods in order to compensate her in a timely fashion. *Id.* ¶¶ 15-16. She also alleges that Defendants failed to inform her of her FLSA rights. *Id.* ¶ 17.

Plaintiff filed the instant Complaint on November 7, 2016. [Dkt. 1.] On November 30, 2016, Defendants filed its omnibus motion. [Dkt. 3.] Plaintiff filed her opposition on December 12, 2016 [Dkt. 6], to which Defendants replied on December 20, 2016 [Dkt. 7]. Oral argument was held on January 26, 2017. This motion is now ripe for disposition.

## II.  Legal Standard

### A.  Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to

2

dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly*, 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege-directly or indirectly-each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63. In assessing the plaintiff's complaint, the court must construe it in the light

3

most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal*, 556 U.S. at 678.

    B.   <u>Rule 56</u>

Summary judgment is appropriate only if the record shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958–59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett* 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.

    C.   <u>Rule 12(e)</u>

Under Rule 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more definite statements are generally not favored, however. *See, e.g., Frederick v. Koziol,* 727 F.Supp. 1019, 1021 (E.D. Va. 1990) (denying motion

4

for more definite statement where court determined that complaint was not so vague and ambiguous so as to preclude defendant from framing a responsive pleading). Rather, motions for more definite statements are "'designed to strike at unintelligibility rather than simple want of detail,'" and will be granted "only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Id.* (quoting *Scarbrough v. R-Way Furniture Co.,* 105 F.R.D. 90, 91 (E.D. Wis. 1985)); *see also Wilson v. United States,* 585 F.Supp. 202, 205 (M.D. Pa. 1984); *In re Arthur Teacher's Franchisee Litigation,* 92 F.R.D. 398, 406 (E.D. Pa. 1981).

### III. Analysis

#### A. Motion to Dismiss under Rule 12(b)(6)

Defendants' sole argument in their motion to dismiss is that Plaintiff's work is exempt from FLSA requirements because she was a "bona fide administrative employee" who managed AMS's Virginia office and was paid a weekly salary of "not less than $455.00." Def. Mem. in Supp. at 2. As a result, Defendants ask this Court dismiss Plaintiff's Complaint.

Under the FLSA, covered employers must pay their employees a minimum wage, currently fixed at $7.25 per hour. 29 U.S.C. § 206(a). Employers must also pay their employees an overtime rate of 1.5 times their regular rate of pay for each hour they work over 40 hours per week. *Id.* § 207(a). The

FLSA's requirements do not apply, however, to exempt employees, including those employed in "a bona fide administrative capacity." *Id.* § 213(a)(1). Such employees are defined as those who are "compensated on a salary or fee basis at a rate of not less than $455 per week," "whose primary duty is the performance of office or non-office manual work directly related to the management or general business operations of the employer or the employer's customers," and "whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200.

In order to survive a motion to dismiss, a plaintiff must allege that: (1) she was employed by the defendant, (2) the defendant and its employees, including the plaintiff, were engaged in interstate commerce, and (3) plaintiff was not compensated for all hours worked during each work-week at a rate equal to or greater than the applicable minimum wage or, with respect to overtime, plaintiff was not compensated at a rate of 1.5 times her regular rate for each hour worked in excess of 40 hours per work-week. *See Chao v. Rivendell Woods Inc.*, 415 F.3d 342, 348 (4th Cir. 2005). Plaintiff argues that she has pled sufficient facts to survive Defendants' 12(b)(6) motion to dismiss. This Court agrees.

In the instant case, Plaintiff's Complaint includes factual allegations with regards to each element of a properly

6

pled FLSA claim. The Complaint asserts that Hall was employed by AMS, that AMS engaged in interstate commerce, that Hall was not compensated for all the hours she worked for AMS over a four-year period, and that she was not an exempt employee. Compl. ¶¶ 4, 10-11, 12-15, 19-23. Despite Defendants' protestations to the contrary, that is all that is required at this early stage. *See Stratton v. Farmers Produce Co.,* 134 F.2d 825, 827 (8th Cir. 1943) (finding that whether an employee is exempt from the FLSA cannot be resolved at the pleading stage); *see also McLaughlin v. Boston Harbor Cruise Lines, Inc.,* 419 F.3d 47, 53 (1st Cir. 2005) (finding that dismissal on questions of exempt status under 12(b)(6) is only appropriate "where it is crystal clear under established law" that the exemption applies under the FLSA); *Moran v. GTL Constr., LLC,* 2007 U.S. Dist. LEXIS 55098, at *4-8 (S.D.N.Y. 2007) (holding that the determination as to whether a plaintiff is an exempt employee cannot be decided "as a matter of law and based solely on information from Plaintiff's complaint."). Thus, the Court finds that Plaintiff has stated a plausible claim for relief under the FLSA. Accordingly, the Court will deny Defendants' motion to dismiss.

  B. <u>Motion for Summary Judgment under Rule 56</u>

  Defendants' next argument is that Plaintiff's exempt status entitles them to "judgment as a matter of law." Def.

Mem. in Supp. at 4. In support of this position, Defendants assert that Plaintiff was paid on a salary basis, starting at $35,000 per year and ending at approximately $41,000 per year. Declaration of David Schellhardt ("Schellhardt Decl.") [Dkt. 3-1] ¶ 3. When filing its reply brief, Defendants included a copy of Plaintiff's full payroll report from her time at AMS, alleging that she had received the same gross salary every week for the past four years, with the exception of increases in pay. Exh. 2 [Dkt. 7]. Defendants also claim that Plaintiff's job duties required her to use discretion and independent judgment, further establishing her exempt status. For example, Hall followed up to ensure customers paid for AMS's services, relayed jobsite assignments to employees, and tracked job completion. *Id.* Due to her exempt status, Defendants request that this Court grant their motion for summary judgment.

Although motions for summary judgment can be filed at any time during a case until 30 days after discovery has ended, *see* Fed. R. Civ. P. 56(a), Defendants' motion here is premature. It was filed without the benefit of discovery as well as without the aid of proper argument and evidentiary support to meet the movant's burden of proof. Thus, the Court will deny Defendants' motion.

C.   Motion for a More Definite Statement under Rule 12(e)

Finally, Defendants ask this Court to order Plaintiff to file an Amended Complaint addressing the precise timeframes during which she contends Defendants allegedly violated the FLSA, as well as whether she intends to pursue an equitable tolling theory. Def. Mem. in Supp. at 10. Defendants suggest that, without such information, they cannot appropriately assert a statute of limitations defense. *See id.*

In her opposition, Plaintiff argues that a week-by-week calculation of unpaid wages is not yet possible, as the bulk of the documentary evidence remains in the Defendants' possession. Opp. at 10-11. Plaintiff also points out that such matters are better addressed during discovery. *Id.* at 11.

Here, Plaintiff's Complaint contains sufficient facts to put Defendants on notice as to the possible timing of her claims. It sets forth a specific four-year period for possible FLSA violations: August 2012 to September 2016. Compl. ¶ 4. It alleges that she worked hours for which she was not compensated, that her hours were incorrectly recorded to avoid paying her overtime, that she was not paid in a timely fashion, and that Defendants failed to inform her or misled her regarding to FLSA rights. *Id.* ¶¶ 12-17. Construed as a whole, Plaintiff's Complaint has provided sufficient detail to provide Defendants

9

with notice of the allegations upon which her claims are based. Accordingly, the Court will deny Defendants' motion for a more definite statement.

### IV. Conclusion

For the reasons set forth above, the Court will deny Defendants' motion to dismiss. The Court will also deny Defendants' motion for summary judgment. Finally, the Court will deny Defendants' motion for a more definite statement.

An appropriate order will follow.

|  |  |
|---|---|
| | /s/ |
| January 26, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |